Cruz v. Sessions

BIA
Verrillo, IJ
A088 428 634

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of February, two thousand seventeen.

PRESENT:
> ROBERT A. KATZMANN,
> > Chief Judge,
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > Circuit Judges.

_____

JUAN CARLOS CRUZ,
> Petitioner,

> v.                                            15-2862
>                                               NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
> Respondent.*

_____

FOR PETITIONER:          Elyssa N. Williams, New Haven, CT.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Janette L. Allen, Senior Litigation Counsel; Lauren E. Fascett, Trial Attorney;

_____

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Abigail E. Leach, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Juan Carlos Cruz, a native and citizen of Guatemala, seeks review of an August 14, 2015, decision of the BIA affirming a February 11, 2014, decision of an Immigration Judge ("IJ") denying Cruz's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Juan Carlos Cruz,* No. A088 428 634 (B.I.A. Aug. 14, 2015), *aff'g* No. A088 428 634 (Immig. Ct. Hartford Feb. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. DHS*, 448 F.3d 524, 528 (2d Cir. 2006). The agency concluded that Cruz failed to sufficiently corroborate his claim. In particular, Cruz based his claims for relief on a 2011 massacre committed by the Zetas, a Mexican drug cartel, at a ranch in northern Guatemala purportedly owned by Cruz's

2

brother, but did not present evidence establishing that he was related to the ranch's owners or residents.

We review the agency's factual findings, including its corroboration determination, for substantial evidence. *See* 8 U.S.C. § 1252(b)(4); *Kyaw Zwar Tun v. U.S. I.N.S.*, 445 F.3d 554, 562-63 (2d Cir. 2006). An IJ may require an asylum applicant to provide evidence that corroborates otherwise credible testimony in order to meet the applicant's burden of proof for asylum. *See* 8 U.S.C. § 1158(b)(1)(B)(ii). "[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met his burden of proof." *Liu v. Holder*, 575 F.3d 193, 198 n. 5 (2d Cir. 2009). When an IJ determines that corroborating evidence is necessary, the applicant must provide the evidence "unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii). We may reverse the IJ's determination that corroborating evidence is or is not available only if "a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

While the agency must identify what reasonably available evidence should have been provided and must assess the applicant's explanations for any missing evidence, it is the

3

applicant's burden to provide the evidence or an adequate explanation for any failure to obtain it. *See Liu*, 575 F.3d at 198-99. To overcome the need to corroborate, the applicant's explanations must compel a conclusion that the requested evidence is not reasonably available. *See* 8 U.S.C. § 1252(b)(4); *Yan Juan Chen v. Holder*, 658 F.3d 246, 253 (2d Cir. 2011); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (holding, in credibility context, that explanations for inconsistent statements must be compelling rather than merely plausible).

The record here is, at best, mixed regarding the availability of the relevant evidence. Cruz's country-conditions evidence suggests that official corruption and ineffectiveness are widespread in Guatemala and that Petén province, where the massacre occurred, is a remote and lawless region. Such conditions might have made it difficult for Cruz to obtain official documentation regarding the massacre or his family's ownership of the ranch. However, Cruz testified that the police helped his family flee after the massacre and he submitted news articles reflecting that Guatemalan officials took the massacre very seriously. And while Cruz's testimony that his family could not access the ranch to obtain the physical deed to the property or other evidence is plausible, Cruz did

4

not adequately explain his inability to obtain other records. Nor did Cruz provide affidavits from his family members documenting their efforts to obtain this evidence. Thus, the agency was not compelled to conclude that this evidence was unavailable. 8 U.S.C. § 1252(b)(4).

The agency was also not required to credit an unsworn letter from Cruz's purported brother that gave the wrong year for the massacre and stated that the perpetrators were "BSZ" (and did not mention the Zetas). *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) (noting that we generally "defer to the agency's determination of the weight afforded to an alien's documentary evidence"). Aside from this letter, the record is devoid of any corroborating evidence linking Cruz to the ranch where the massacre occurred. Indeed, even if considered part of the record, the birth certificates Cruz submitted to the BIA on appeal do not establish his family's ownership of the ranch or Cruz's relationship to Otto Salguero, the ranch's reported owner.

Accordingly, given the lack of materiality and reliability of the evidence Cruz presented and his failure to produce property records, government reports, or affidavits from his family members, the agency's corroboration ruling is supported by substantial evidence. This ruling is dispositive

5

of Cruz's application for asylum and withholding of removal. We thus need not reach the agency's alternative internal relocation ruling. As for Cruz's application for relief under CAT, Cruz failed to establish that he would likely be tortured by or with the acquiescence or willful blindness of the government if removed to Guatemala. 8 C.F.R. § 1208.16(c)(2).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
